IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

GROVER GAMING, INC.,

    Plaintiff,

v.

WILLIAM J. RICE,

    Defendant.

Civil Action No. 5:23-cv-00036

## COMPLAINT

Plaintiff, Grover Gaming, Inc. ("**Grover**" or "**Plaintiff**"), by counsel, states as follows for its Complaint (the "**Complaint**") against the Defendant, William J. Rice ("**Mr. Rice**" or "**Defendant**").

## INTRODUCTION

1. This case arises out of Mr. Rice's intentional and tortious publication of multiple false and defamatory statements about and concerning Grover and its employees, which false and defamatory statements were made to damage Grover's reputation and benefit Mr. Rice by either stealing Grover's business based on the false and defamatory statements or retaining business he may have otherwise lost to Grover's superior customer service and products.

2. Over the past ten (10) years, Grover has spent millions of dollars becoming one of the country's premier providers of, among other products, electronic pull tabs for the regulated charitable gaming market. Today, Grover has hundreds of designers, developers, and gaming industry professionals serving Grover's customers. Grover's reputation in the industry is second-to-none.

3. Grover is a licensed manufacturer and supplier in the Commonwealth of Virginia for electronic pull tabs and Grover's products are placed in licensed locations operating under the charitable gaming laws of the Commonwealth of Virginia.

4. One such location in which Grover provides electronic pull tabs is the Senior Services Center, in Abingdon, Virginia (the "**Senior Services Center**"). Through Grover's and its employees' substantial efforts, Grover maintains a significant relationship with the Senior Services Center.

5. During the week of May 15, 2023, Mr. Rice intentionally made false, defamatory, and misleading statements to certain representatives of the Senior Services Center to damage Grover's reputation and intentionally and tortiously interfere with Grover's reasonable business expectancy in getting and/or maintaining the Senior Services Center's business (i.e., the opportunity to place/maintain its electronic pull tabs).

6. Defendant's statements were, and are, patently false and Grover seeks redress for Mr. Rice's defamation and tortious interference with contract.

## PARTIES, JURISDICTION, AND VENUE

7. Grover is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Greenville, Pitt County, North Carolina, and is authorized to transact business in Virginia. Grover creates, designs, develops, and manufactures the software, 3-D artwork, and audiovisual effects for various electronic games in various markets, such as the electronic pull tab markets.

8. Defendant is an individual and a resident of the Commonwealth of Virginia. Defendant may be served with process at his residence located at 13032 Old Valley Pike, Edinburg, Virginia 22824. Mr. Rice is engaged in providing electronic pull tab machines to various

charitable organizations in and around the Commonwealth of Virginia, specifically the western part of Virginia. Mr. Rice is a former General Manager for local Moose Lodge's, who now works as a sales representative for Powerhouse Gaming, Inc. ("**Powerhouse**"), a competitor of Grover, where he solicits qualified locations for the placement of Powerhouse's electronic pull tab devices.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a), as the Plaintiff and Defendant are citizens of different states and the claims asserted herein exceed $75,000.

10. This Court has personal jurisdiction over Defendant because Defendant's false statements and other tortious actions, which caused injury in this Commonwealth, were either made in the Commonwealth of Virginia or outside the Commonwealth of Virginia in the furtherance of business inside the Commonwealth from which Mr. Rice derives substantial revenue from goods provided or services rendered.

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b) (1), (2), and (3), because the Defendant resides in the Harrisonburg Division and a substantial part of the events or omissions giving rise to the claims, namely Defendant's false statements, occurred in this District.

## BACKGROUND

12. Charitable gaming in Virginia is a means of providing funding for many non-profit organizations in Virginia.

13. Charitable gaming is regulated and administered by the Virginia Department of Agriculture and Consumer Services' ("**VDACS**") Office of Charitable and Regulatory Programs (the "**OCRP**").

14. The OCRP promotes the integrity of charitable gaming activities in the Commonwealth. Indeed, the OCRP is tasked, in part, with licensing, training, inspecting, auditing, and conducting financial reviews of charitable gaming organizations and suppliers, manufacturers

of electronic pull-tab systems, and network bingo providers and registering and training personnel involved in charitable gaming in the Commonwealth.

15. To provide electronic pull tabs to qualified organizations, an entity must receive (1) a license issued by the OCRP; (2) a letter from the OCRP approving the certification of the manufacturer's system by a VDACS-recognized testing laboratory; and (3) a letter from the OCRP approving each electronic pull tab game's themes, sounds and music.

16. Grover is a licensed manufacturer of electronic pull tabs and has received all certifications from the OCRP to provide electronic pull tabs to qualified organizations.

17. Grover provides electronic pull tabs to a number of qualified organizations in the Commonwealth.

18. Grover's electronic pull tabs are a digital representation of traditional paper pull tabs, providing consumers award-winning 3D graphics and game titles in multiple device configurations.

### Grover's Discussions and Its Contract with the Senior Services Center

19. Grover's employee, Trish Riley ("**Ms. Riley**"), maintains Grover's relationship with the Senior Services Center in supporting the use of Grover's electronic pull tabs at its location.

20. Pursuant to one or more contracts between Grover and the Senior Services Center, Grover has provided the Senior Services Center with electronic pull tabs for approximately three (3) years. Grover's current contract with the Senior Services Center runs through June of 2024.

21. The Senior Services Center conducts board meetings bi-weekly and its leader, Randy Callahan, regularly communicates with Ms. Riley regarding Grover's electronic pull tabs.

22. Mr. Rice is aware of Grover's contractual relationship with the Senior Services Center and, recently, began communicating with Randy Callahan concerning Grover and Ms. Riley.

### Mr. Rice's False and Defamatory Statements and Interference
### with Grover's Contractual Relationship with the Senior Services Center

23. Upon information and belief, in or around May 2023, Mr. Rice, who works for Powerhouse, a company who is attempting to provide electronic pull tab machines to the Senior Services Center, began soliciting the Senior Services Center in an attempt to rid the Senior Services Center of Grover's products.

24. During the week of May 15, 2023, Mr. Rice made the false statement to a representative of the Senior Services Center that "Grover Gaming and Ms. Riley are under a **serious state investigation**," (emphasis added) (the "**Defamatory Message**").

25. In addition, it is believed and alleged that around the same time as the Defamatory Message, Mr. Rice made similar false statements (i.e., that Grover Gaming and Ms. Riley were under a "serious state investigation") to other persons and/or organizations in the region, including, but not limited to, the Verona Moose, Staunton Moose, Salem Moose, Smith Mountain Lake Moose, Bedford Moose, Shenandoah Veterans of Foreign Wars (**"VFW"**), Culpeper Eagles, Pulaski Moose, Caroline Moose, Luray Moose, Farmville Moose, Altavista Moose, and Wytheville Moose.

26. Eventually, the Defamatory Message and potential additional defamatory statements spread not only among the local organizations, but also back to Grover and its employee Ms. Riley.

27. In fact, between the week of May 15, 2023 and June 6, 2023, Mr. Rice again stated to the Senior Services Center that Ms. Riley, in her capacity as an employee of Grover, was specifically being investigated.

28. Mr. Rice, through the publication of multiple false and defamatory statements, including the Defamatory Message, willfully and maliciously seeks to damage Grover's reputation

in the Charitable Gaming industry and undermine the approximately 10 years Grover has spent developing, investing in, and growing its goodwill and reputation.

29. Moreover, Mr. Rice's willful, malicious, false and tortious statements convey the impression that Grover does not operate its business appropriately and operates illegally. Further, Mr. Rice's willful, malicious, false and tortious statements imply that Grover shorts players and charities because it does not provide appropriate payouts. In short, Mr. Rice is falsely and maliciously peddling the story that Grover is ripping everyone off.

30. All of Mr. Rice's defamatory statements, including the Defamatory Message, are false. Neither Grover nor Ms. Riley are under any investigation in the Commonwealth of Virginia. Mr. Rice's statements are simply lies.

31. Mr. Rice's false and defamatory campaign against Grover and its employee, and his use of the false and defamatory statements, including the Defamatory Message, is intentionally designed to interfere with Grover's contracts and reasonable business expectancies and cause Grover both reputational harm and actual loss. Indeed, Grover is at risk for additional damages if Mr. Rice's willful, malicious, and tortious actions are not stopped.

## COUNT ONE: DEFAMATION/DEFAMATION *PER SE*

32. Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs.

33. Mr. Rice made and published the false and defamatory statements outlined herein, including the Defamatory Message, which are false statements of fact about and concerning Grover and its employees. These statements are false and caused, among other things, Grover to suffer damage to its reputation and goodwill and sustain further damage.

34. The false and defamatory statements, including the Defamatory Message, are also defamatory *per se* because the statement indicates Grover is under a "serious State Investigation,"

6

thereby implying illegal conduct. This statement is false and directly impacts Grover's business, trade, or profession.

35. Mr. Rice made and published the false and defamatory statements, including the Defamatory Message, knowing such statements were false and knowing that such statements would be disseminated to others.

36. Mr. Rice made and published the Defamatory Message without any applicable privilege.

37. Mr. Rice made and published the false and defamatory statements, including the Defamatory Message, with knowledge that it was false and/or with reckless disregard for the truth or falsity of such statement, or with at least negligent disregard for the truth or falsity of the statement.

38. Mr. Rice's actions and the false and defamatory statements, including the Defamatory Message, are willful and malicious and were intentionally made to cause Grover reputational harm and lost business opportunities. Mr. Rice's conduct warrants the imposition of punitive damages.

39. As a direct and proximate result of the Defamatory Message and Mr. Rice's actions, Grover has suffered reputational damage to its business, lost business opportunities, and other pecuniary damages.

40. Grover's damages, including reputational harm, which will be determined at trial, are in excess of $5,000,000.00.

## COUNT TWO:  TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY

41. Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs.

7

42. Grover is an entity engaged in, among other things, the business of providing electronic pull tabs to charitable organizations, such as the Senior Services Center.

43. Mr. Rice knows Grover has a contract to provide electronic pull tabs to the Senior Services Center and knows Ms. Riley is the Grover employee charged with maintaining, among others, the account with the Senior Services Center.

44. Mr. Rice also knows that Grover is engaged in soliciting other charitable organizations to engage in utilizing Grover's electronic pull tabs, and, therefore, is aware of those organizations with whom Grover has reasonable business expectancies, which expectancies are directly competitive to Powerhouse, Mr. Rice's employer.

45. Mr. Rice defamed Grover by intentionally and knowingly publishing the Defamatory Message and other false and defamatory statements in an effort to, among other things, cause the Senior Services Center to cease using Grover's electronic pull tabs and interfere with Grover's reasonable business expectancies with other charitable organizations.

46. Mr. Rice knew at the time of the publication that the Defamatory Message was false and damaging to Grover's business and reputation in Virginia's charitable gaming sector.

47. Indeed, Mr. Rice published and made the Defamatory Message and other false and defamatory statements with malice and with the specific intent to harm Grover's business and reputation, and that of Grover's employees.

48. Grover's business and reputation has been harmed by Mr. Rice's Defamatory Message and other false and defamatory statements in an amount to be determined at trial.

49. Grover is entitled to punitive damages as a result of Mr. Rice's willful and malicious conduct in publishing the Defamatory Message and his actions in harming Grover's business and reputation.

## PRAYER FOR RELIEF

50. WHEREFORE, for the reasons set forth herein, Plaintiff, Grover Gaming, Inc., respectfully requests this Court:

    a.    Enter judgment in Grover's favor;

    b.    Award Grover damages for Mr. Rice's acts in defaming it, in an amount to be determined at trial, but not less than $5,000,000.00;

    c.    Award Grover damages for Mr. Rice's acts in interfering with Grover's business expectancy, in an amount to be determined at trial;

    d.    Award Grover punitive damages in the amount of $350,000.00;

    e.    Award Grover pre-judgment interest; and

    f.    Provide any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Grover Gaming, Inc., hereby demands a trial by jury on all issues so triable.

Dated:  June 13, 2023                                    GROVER GAMING, INC.

/s/ Stephen M. Faraci, Sr.
Stephen M. Faraci, Sr., Esquire (VSB #42748)
Robert N. Drewry, Esquire (VSB #91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:     (804) 977-3307
Facsimile:      (804) 977-3298
E-Mail:           sfaraci@wtplaw.com
E-Mail:           rdrewry@wtplaw.com

Robert Wm. Best (VSB #72077)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
249 Central Park Avenue, Suite 300
Virginia Beach, Virginia 23462
Telephone:     (757) 271-9752
Facsimile:      (757) 271-9737
E-Mail:           rbest@wtplaw.com

*Counsel for Plaintiff, Grover Gaming, Inc.*